**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>DERMOT T. KIRWAN<br><br>    Debtor | ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 15-14012-MSH |
| ADILSON G. CORDEIRO, DOUGLAS G. CORDEIRO, DEIVISON G. CORDEIRO, EDILSON A. PINTO, AND EDSON BORGES, JR.<br><br>    Plaintiffs<br><br>v.<br><br>DERMONT T. KIRWAN<br><br>    Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding<br>No. 15-01225 |

**MEMORANDUM OF DECISION ON THE MOTION OF**
**THE DEFENDANT TO DISMISS COUNT III OF THE COMPLAINT**

    Dermot T. Kirwan, the defendant here and the debtor in the main case, has moved to dismiss count III of a three-count complaint filed by the plaintiffs, Adilson G. Cordeiro, Douglas G. Cordeiro, Deivson G. Cordeiro, Edilson A. Pinto, and Edson Borges, Jr. Count III of the complaint seeks a determination of nondischargeability as to each of the plaintiffs' claims pursuant to 11 U.S.C. §523(a)(6). For the following reasons, the motion will be treated as a motion for judgment on the pleadings under Rule 12(c) and granted.

1

## Background

As discussed in greater detail below, in ruling on a motion for judgment on the pleadings, I must assume that the well-pled allegations in the complaint are true. Here, the relevant allegations are as follows.

Mr. Kirwan has served as president and has been the sole shareholder of Galway Bay Décor, Inc. since its incorporation in 2001. From 2007 to 2010, Galway Bay Décor bid on, was awarded, and performed painting service contracts on thirteen public buildings. During that period, Galway Bay Décor employed as painters the five plaintiffs.

Because the awarding authority on each of the thirteen painting projects was a public entity, Galway Bay Décor was obligated to comply with state laws setting applicable wages and rates of pay for its employees. Most notably, pursuant to Mass. Gen. Laws ch. 149, § 27A, Galway Bay Décor was required to pay its employees no less than the prevailing wage set by the Massachusetts Commissioner of the Division of Occupational Safety. On each project, while the prevailing wage was set between $47.62 and $57.98 per hour, the plaintiffs were paid between $15.00 and $20.00 per hour. Further, pursuant to Mass. Gen. Laws ch. 151, §1A, the plaintiffs were entitled to one and a half times their hourly rate[1] for any hours worked in excess of forty hours per week. Despite occasionally working more than forty hours per week, the plaintiffs were not paid for any overtime.

In January of 2010, the plaintiffs[2] commenced an action in state superior court against Galway Bay Décor and Mr. Kirwan. The complaint, as amended, alleged that Galway Bay Décor and

---

[1] Where an employee is entitled to the prevailing wage under Mass. Gen. Laws ch. 149, §27A the hourly rate for purposes of the overtime statute is the prevailing wage. *See Mullally v. Waste Mgmt. of Mass, Inc.*, 895 N.E.2d 1277, 1284 (Mass. 2008).

[2] The original complaint included only Adilson G. Cordeiro and Douglas G. Cordeiro as plaintiffs. On March 31, 2010, the superior court allowed a motion to add Deivson G. Cordeiro,

2

Mr. Kirwan, as its president and sole shareholder, failed to pay the plaintiffs the prevailing wage and a proper rate of pay for overtime on each of the public projects. On May 28, 2014, following a jury trial, the superior court entered judgment against both Galway Bay Décor and Mr. Kirwan awarding damages to each of the plaintiffs. The aggregate award for actual damages, statutory treble damages, pre-judgment interest, and attorney's fees and costs totaled $721,778.57. Galway Bay Décor and Mr. Kirwan appealed.

On October 6, 2014, while the appeals were pending, Mr. Kirwan filed articles of organization with the Secretary of the Commonwealth of Massachusetts incorporating a new company, Galway Bay Painting, Inc.

On May 14, 2015, after Galway Bay Décor and Mr. Kirwan voluntarily dismissed their appeal, the superior court issued executions in favor of each of the plaintiffs against both defendants. From August to October of 2015, the plaintiffs attempted to enforce their judgments against Galway Bay Décor and Mr. Kirwan. Other than $47,930.10 received as the result of a pre-judgment attachment, all attempts by the plaintiffs to collect on their judgments were unsuccessful. The plaintiffs allege that at some point during this period "Galway Bay Décor transferred its painting business, including but not limited to assets and goodwill, to Galway Bay Painting."[3] It is not clear from the complaint precisely when this occurred.

On October 5, 2015, Galway Bay Décor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On schedule D of its schedules of assets and liabilities filed in support of its petition, Galway Bay Décor listed no secured debt. On October 19, 2015, Mr. Kirwan filed his

---

Edilson A. Pinto, and Edson Borges, Jr. as plaintiffs.

[3] Compl. ¶193. The plaintiffs also allude to a second set of transfers from Galway Bay Painting to another entity allegedly controlled by Mr. Kirwan, Eastern Insulation, Inc.

petition under chapter 11 of the Bankruptcy Code, commencing the main case. On his schedule D, Mr. Kirwan listed the claims of each of the plaintiffs totaling $803,308.27 secured by liens against his property at 41-43 Lyman Street, Waltham, MA. Each plaintiff has filed a proof of claim in Mr. Kirwan's case as follows: Claim no. 5 of Adilson Cordeiro in the amount of $259,619.49; Claim no. 6 of Deivson Cordeiro in the amount of $210,245.77; Claim no. 7 of Douglas G. Cordeiro in the amount of $76,121.50; Claim no. 8 of Edilson Pinto in the amount of $131,429.34; and Claim no. 9 of Edson Borges, Jr. in the amount of $92,589.60. Together these claims total $770,005.77.

On November 23, 2015, the plaintiffs filed their three-count, 222-paragraph complaint initiating this adversary proceeding seeking to except from discharge each of their claims against Mr. Kirwan. Counts I and II seek a determination that each of the plaintiffs' claims is nondischargeable under Bankruptcy Code §523(a)(6) due to Mr. Kirwan's willful and malicious injury to them resulting from his failure to pay them the prevailing wage or overtime.[4] Count III also seeks a determination that each of the plaintiffs' claims is nondischargeable under Bankruptcy Code §523(a)(6) due to Mr. Kirwan's willful and malicious injury, but the alleged injury is not Mr. Kirwan's failure to pay wages or overtime, it is his failure to pay on the judgments, specifically his causing business and assets of Galway Bay Décor to be transferred to Galway Bay Painting with the intent to hinder or delay the plaintiffs from obtaining payment on those judgments.

Mr. Kirwan moved for dismissal of the complaint as to count III only. He asserts that the plaintiffs have failed to state a claim upon which relief may be granted, failed to include an

---

[4] On July 27, 2016, the Plaintiffs' motion for summary judgment as to counts I and II of the complaint was denied.

indispensable party, and engaged in claim splitting. The plaintiffs filed an opposition to the motion and after a hearing, the matter was taken under advisement.

## Discussion

### *Fed. R. Civ. P. 12(c): Judgment on the Pleadings Standard*

Because Mr. Kirwan has already answered the complaint, I will treat his motion to dismiss as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Aponte-Torres v. U. of P. R.*, 445 F.3d 50, 54 (1st Cir. 2006) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012). "Converting the grounds for a motion from [Fed. R. Civ. P. 12(b)(6) to Fed. R. Civ. P. 12(c)] 'does not affect our analysis inasmuch as the two motions are ordinarily accorded much the same treatment.'" *Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013) (quoting *Aponte-Torres*, 445 F.3d at 54). "Like [Fed. R. Bankr. P. 12(b)(6), Fed. R. Civ. P. 12(c)] does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres*, 445 F.3d at 54. "[T]o survive a [Fed. R. Bankr. P. 12(b)(6)] motion (and, by extension, a [Fed. R. Bankr. P. 12(c)] motion) a complaint must contain factual allegations that raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

> I.  *Piercing the Corporate Veil: Galway Bay Décor as an Alter-Ego of Mr. Kirwan*

For purposes of this memorandum only, I assume without deciding that Galway Bay Décor is the alter ego of Mr. Kirwan so that the transfers by Galway Bay Décor to Galway Bay Painting, of which the plaintiffs complain, were attributable to Mr. Kirwan.

> II. *Willful and Malicious Injury: Fraudulent Transfers Supporting a Claim Under Bankruptcy Code § 523(a)(6)*

Under Bankruptcy Code §523(a)(6), "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt. . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). For this exception to apply, the creditor must show that (1) the debtor injured the creditor or the creditor's property (2) willfully (3) and maliciously, (4) and such injury gave rise to the debt at issue. *Netria Corp. v. Graham (In re Graham)*, 363 B.R. 32, 38 (Bankr. D.N.H. 2007). "Willfulness requires a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question." *Old Republic Nat'l. Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818-19 (1st Cir. 2013) (citing *Neronha (In re Neronha)*, 344 B.R. 229, 231 (Bankr. D. Mass. 2006)); *see also Kawaauhau v. Geiger*, 523 U.S. 57 (1998). "An injury is malicious 'if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.'" *In re Levasseur*, 737 F.3d at 818 (quoting *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir.1997)).

The plaintiffs allege that Mr. Kirwan transferred assets from Galway Bay Décor to Galway Painting with the intent to hinder or delay their efforts to collect on their state court judgments. In his motion to dismiss, Mr. Kirwan asserts that any injury to the plaintiffs as a result of this conduct is independent of the injury giving rise to the state court judgments and therefore the plaintiffs have not

6

pleaded sufficient facts in count III of their complaint to support a cognizable claim under Bankruptcy Code §523(a)(6).

Courts are generally in agreement that, under certain circumstances, "a fraudulent transfer based on an actual intent to hinder, delay or defraud a creditor can support a [Bankruptcy Code] §523(a)(6) claim." *In re Jahrling*, 510 B.R. 820, 829 (Bankr. N.D. Ill 2014); *see Husky Int'l Elec, Inc. v. Ritz*, 136 S.Ct. 1581, 1588 (2016); *Sauer, Inc. v. Lawson (In re Lawson)*, 791 F.3d 214, 222 (1st Cir. 2015); *McClellan v. Cantrell*, 217 F.3d 890, 896 (7th Cir. 2000). Such circumstances, however, are not present in this case. Unlike the facts in *Jahrling* and *Sauer* the injury alleged in count III did not give rise to the debt at issue. In other words, it cannot be said that the injury created by Mr. Kirwan's hindering the plaintiffs' ability to collect on their state court judgments gave rise to the judgments themselves.

In *Steier v. Best (In re Best)*, No. 03-5098, slip. Op. at 1 (6th Cir. June, 30 2004), the plaintiff sought to except from discharge under Bankruptcy Code §523(a)(6) a state court judgment for breach of contract on the grounds that the debtor-defendant had thwarted collection efforts on the judgment by hiding and concealing assets. The United States Court of Appeals for the Sixth Circuit held that the debt could not be excepted from discharge on these grounds because the alleged conduct occurred after the debt had been established.

> [T]he evidence might support the conclusion that the Bests willfully disposed of their assets in a way they knew left no funds to repay Steier. But that does not render the Bests' judgment debt nondischargeable under §523(a)(6). Even if the Bests disposed of or concealed assets in a way they knew would prevent Steier from collecting the judgment debt, it is of no avail to Steier because the concealment occurred after that debt arose. Thus the concealment could not have caused or given rise to the judgment debt, as required for nondischargeability under §523(a)(6).

*Id.* at 5; *See also Rockstone Capital, LLC v. Walker – Thomas Furniture Co., et al. (In re Smith)*, No. 04–01581, 2007 WL 2071626, at *2 (Bankr. D.D.C. July 17, 2007) ("Here, the judgment debt is the

debt the debtor Smith owes Rockstone, not a debt for having made the fraudulent transfer. Rockstone points to no statutory or other basis for an independent debt to be found owing by the debtor based on her having made the transfer.").

In this case, the plaintiffs seek to except from discharge the debt derived from the state court judgments against Galway Bay Décor and Mr. Kirwan. As was the case in *Best,* the conduct alleged in count III occurred *after* the judgments were entered. Thus, any injury resulting from the alleged transfers could not have given rise to the debt at issue, and therefore any such injury – even if willful and malicious – cannot render the amount due under the state court judgments nondischargeable under Bankruptcy Code §523(a)(6).

Additionally, it is not clear that the plaintiffs have pleaded sufficient facts necessary to establish an injury. Under Bankruptcy Code §523(a)(6), a willful and malicious injury must be to "another entity or the property of another entity." 11 U.S.C. §523(a)(6). In *In re Saylor*, 108 F.3d 219, 221 (9th Cir. 1997), the plaintiff argued "that his state fraudulent transfer rights were violated when the [the debtors-defendants] transferred the three parcels of real estate. . . in order to avoid having to pay the debt which resulted from the [the debtors-defendants] having breached their contract with [the plaintiff]." The United States Court of Appeals for the Ninth Circuit held that the plaintiff's fraudulent transfer "claim had not been reduced to judgment at the time the three parcels of real estate were transferred, and he had no security interest in the property." *Id.* Therefore, any interest the plaintiff held in fraudulent transfer remedies did not meet the definition of either "debt" or "property" found in Bankruptcy Code §523(a)(6). *Id.* The holding in *Saylor* suggests that to succeed on a claim under Bankruptcy Code §523(a)(6) on the basis of a fraudulent transfer, the

plaintiffs must have an interest in what was transferred, be it a security interest in the property or a judgment setting aside the fraudulent transfer.[5]

In this case, the facts as alleged in the complaint do not suggest the plaintiffs hold a security interest in any of the property transferred by Galway Bay Décor to Galway Bay Painting. The plaintiffs do not allege that a lien or any other form of security interest was created against any property belonging to Galway Bay Décor as result of their judgments or executions.[6]

Further, the plaintiffs do not allege that they have obtained their judgment based on any transfers from Galway Bay Décor to Galway Bay Painting. The complaint asserts that the alleged transfers were fraudulent, and the plaintiffs have neither obtained nor sought judgment under relevant fraudulent transfer statutes against Galway Bay Décor or Mr. Kirwan. As was suggested in *Saylor*, "a mere interest in a claim under a fraudulent transfer law is not sufficient to qualify as an interest in property required for the willful and malicious exception to discharge." Peter Spero, *Willful and Malicious Injury – Fraudulent Transfer as Willful and Malicious*, *in* FRAUDULENT TRANSFERS, PREBANKRUPTCY PLANNING AND EXEMPTIONS §17:9 (August 2016). Thus, the plaintiffs have failed

---

[5] In their opposition to Mr. Kirwan's motion, the plaintiffs cite to cases where courts found debts caused by fraudulent transfers to be nondischargeable under Bankruptcy Code §523(a)(6). In those cases, however, the debtor-defendant is the *transferee* of fraudulently transferred property and the plaintiff had obtained a judgment under applicable fraudulent transfer statutes against the debtor-defendant. *See Maxfield v. Jennings (In re Jenning)*, 670 F.3d 1329 (11th Cir. 2012); *Murray v. Bammer (In re Bammer)*, 131 F.3d 788 (9th Cir. 1997). *See also Mutual Mgmt. Serv. v. Fairgrieves (In re Fairgrieves)*, 426 B.R. 748 (Bankr. N.D. Ill. 2010); *McCain Foods USA, Inc. v. Shore* (*In re Shore*), 305 B.R. 559, 570 (Bankr. D. Kan.), *aff'd*, 317 B.R. 536 (B.A.P. 10th Cir. 2004). Here, in contrast, the plaintiffs have no property right in the transferred property. The debtor is the transferor and there has been no fraudulent transfer judgment.

[6] From Mr. Kirwan's schedule D it appears that the plaintiffs do hold liens against property belonging to Mr. Kirwan personally. It is not alleged, however, that such property was part of any fraudulent transfer scheme.

to establish that the transfer of property by either Galway Bay Décor or Mr. Kirwan injured any of their property.

## Conclusion

Because the plaintiffs have failed to plead facts sufficient to support a claim under Bankruptcy Code §523(a)(6) in count III of their complaint, Mr. Kirwan's motion for judgment on the pleadings will be granted.[7] A separate order shall enter.

September 20, 2016                                          By the Court,

                                                            Melvin S. Hoffman
                                                            U.S. Bankruptcy Judge

Counsel Appearing:    Peter Cole, Esq.
                      Brighton, MA
                      for the Plaintiffs

                      Michael K. Lane, Esq.
                      and John M. McAuliffe, Esq.
                      McAuliffe & Associates, P.C.
                      Newton, MA
                      for the Defendant

---

[7] Having determined that count III fails to state a claim for which relief can be granted, I need not decide Mr. Kirwan's remaining grounds for dismissal; whether the plaintiffs failed to include an indispensable party or engaged in claim splitting.